FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 MAY -4 PM 4:17
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| UNITED STATES OF AMERICA | * | |
|---|---|---|
| vs. | * | CR 312-003-1 |
| NICO HARSWELL | * | |

## ORDER

In the captioned criminal matter, Defendant Nico Harswell has filed a motion for reconsideration of a prior order reducing his sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the United States Sentencing Guidelines. Harswell takes issue with the method by which the Court calculated the reduced sentence. Harswell is correct that the Court determined the percentage below the original guideline range the Court used in applying the U.S.S.G. § 5K1.1 reduction, and then applied that same percentage to determine how far to depart below the amended guideline range. Thus, because Harswell's original guideline range of 210 to 262 months was reduced to 157 months, the Court has now sentenced him to serve 140 months on a 188 to 235 month guideline range - both reductions are approximately 25% below the bottom end of the guideline range.

In his motion, Harswell advocates what he calls the

"nominal-months" method, whereby his new sentence would be 53 months less than the low end of the new guideline range just as his original sentence was 53 months below the original guideline range. Thus, his amended sentence would be 135 months rather than 140 months. Additionally, Harswell suggests that the entirety of his sentence should be reconsidered. He calculates a sentence of 115 months, although his reasoning is less than clear.

The "percentage" method utilized by this Court is expressly authorized by U.S.S.G. § 1B1.10 and its application notes. Moreover, reduction of sentence under 18 U.S.C. § 3582(c)(2) is a matter within this Court's sound judicial discretion. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998) ("Both the language of § 3582(c)(2) and this circuit's precedent indicate that the sentencing court's power to reduce sentence is discretionary."). In considering Harswell's sentence upon application of Amendment 782 and applying the policy statement of the United States Sentencing Commission in U.S.S.G. § 1B1.10, I determined that a sentence of less than 140 months is unwarranted. I remain convinced that this sentence, without further reduction, is appropriate. Accordingly, Defendant's motion for reconsideration (doc. no. 825) is **DENIED**.

2

**ORDER ENTERED** at Augusta, Georgia, this ____ day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE